```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHARLES PRATT,

                 Plaintiff,

        -against-                            ORDER

CITY OF NEW YORK and ERNESTO                 16 Civ. 8278 (GBD) (JLC)
CRISOSTOMO, Badge No. 28489,

                 Defendants.
------------------------------------x
```

GEORGE B. DANIELS, United States District Judge:

Plaintiff Charles Pratt, *pro se*, filed this action under 42 U.S.C. § 1983 against the City of New York and Police Officer Ernesto Crisostomo, alleging Defendants violated his constitutional rights by falsely arresting and then unlawfully detaining him. (*See* Compl., ECF No. 1, at 4–5.) The matter was referred to Magistrate Judge James L. Cott for general pretrial supervision, as well as to report and recommend on any dispositive motions. (*See* Order of Reference, ECF No. 9.)

On May 31, 2017, the parties appeared before Magistrate Judge Cott for a pretrial conference, at which a September 29, 2017 deadline was set for the completion of fact discovery. (*See* Scheduling Order, ECF No. 28.) On September 11, 2017, Defendants moved to compel Plaintiff to respond to their interrogatories and document requests, and requested that the deadline to complete fact discovery be extended because Plaintiff had failed to respond to their discovery requests. (Mot. to Compel, ECF No. 30, at 1–2.) Magistrate Judge Cott granted both applications, extended the deadline for discovery until November 13, 2017, and directed Plaintiff to respond to Defendants' discovery requests by September 29, 2017. (*See* Order dated September 12, 2017, ECF No. 31, at 1.)

On October 19, 2017, Defendants moved to compel Plaintiff to comply with the September 12, 2017 Order, arguing that Plaintiff had again failed to respond to their discovery requests. (Mot. to Compel, ECF No. 32, at 1.) By Order dated November 1, 2017, Magistrate Judge Cott directed Plaintiff to respond to Defendants' outstanding discovery requests and to appear for a status conference on November 9, 2017. (ECF No. 35.) Magistrate Judge Cott cautioned Plaintiff that his failure to comply and appear at the conference could result in the dismissal of his case for failure to prosecute. (*See id.*) Nevertheless, Plaintiff failed to respond to Defendants' discovery requests and did not appear for the conference. (*See* Order dated November 9, 2017, ECF No. 37, at 1.) By Order dated November 9, 2017, Magistrate Judge Cott directed Plaintiff to inform the court no later than December 15, 2017, whether he wished to proceed with his case.[1] (*See id.* at 1.) In that same Order, Magistrate Judge Cott again put Plaintiff on notice that failure to comply could lead to dismissal of his case for failure to prosecute. (*Id.*)

On December 28, 2017, after Plaintiff failed to respond to the November 9, 2017 Order, Defendants moved to dismiss for failure to prosecute. (*See* Mot. to Dismiss, ECF No. 39.) A month later, by letter addressed to Magistrate Judge Cott, Plaintiff advised the court that he wished to proceed with his lawsuit. (*See* Letter to the Court from Charles Pratt, ECF No. 41, at 1.) Accordingly, by Order dated January 29, 2018, Magistrate Judge Cott denied Defendants' motion to dismiss without prejudice and directed Plaintiff to respond to Defendants' discovery requests by February 28, 2018. (*See* ECF No. 42, at 1.) Magistrate Judge Cott warned Plaintiff that failure to comply would be considered a failure to prosecute. (*Id.* at 1–2.)

---

[1] By letter dated November 8, 2017, Defendants notified Magistrate Judge Cott that Plaintiff was arrested and was being held at the Manhattan Detention Complex ("MDC"). (*See* ECF No. 36.) Accordingly, Magistrate Judge Cott mailed copies of the November 9, 2017 Order to the MDC. (Order dated November 9, 2017, at 1–2.)

On March 14, 2018, Defendants renewed their motion to dismiss for failure to prosecute due to Plaintiff's continued failure to respond to their discovery requests. (*See* Mot. to Dismiss, ECF No. 44.) By Order dated March 22, 2018, Magistrate Judge Cott directed Plaintiff to respond to the motion by April 20, 2018, and advised him that failure to do so would result in the motion being deemed unopposed. (*See* ECF No. 46.) Plaintiff, however, did not respond. Accordingly, on May 29, 2018, Defendants requested that Plaintiff's case be dismissed with prejudice for failure to prosecute. (*See* Letter to the Court from Debra March, ECF No. 47, at 1.)

On June 28, 2018, after receiving no further communication from Plaintiff, Magistrate Judge Cott issued a Report and Recommendation, (the "Report," ECF No. 48), recommending that the case be dismissed without prejudice for failure to prosecute.[2] (*Id.* at 1.) In his Report, Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 12–13.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

Plaintiff has not taken any meaningful action to prosecute this case. Moreover, despite receiving myriad warnings about the consequences of failing to respond to Defendants' discovery requests, he has not complied with multiple court orders and has missed numerous deadlines to respond. Under these circumstances, dismissal for failure to prosecute is warranted. However, due to Plaintiff's *pro se* status and because the statute of limitations on his claims has yet to run, dismissal without prejudice is an appropriate remedy. (*See* Report at 11–12 (collecting cases).)

---

[2] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

# CONCLUSION

Magistrate Judge Cott's Report is ADOPTED. This action is hereby DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to close the motion, and this case, accordingly.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is DENIED for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: New York, New York
      July 17, 2018

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

4